**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tony Clarence Memory, | No. CV-24-00273-TUC-AMM |
| Plaintiff, | **ORDER** |
| v. | |
| Pima County Health Department, et al., | |
| Defendants. | |

Pending before the Court are Defendant Pima County Health Department's ("PCHD") Motion to Dismiss Party (Doc. 10); Defendant Pima County's Motion to Dismiss Party (Doc. 18) and Motion to Strike (Doc. 24); and Defendant Portillo's Hotdogs, LLC's ("Portillo's") Motions for More Definite Statement (Docs. 13, 19).

**I.    Background**

On May 29, 2024, Plaintiff Tony Clarence Memory, proceeding pro se, filed a Complaint and paid the filing fee. (Docs. 1–4.) Plaintiff alleged "wrongful termination" against PCHD and Portillo's and cited several civil and criminal statutes.[1] (Doc. 1 at 4.) He included 27 pages of additional written material that contained disorganized factual allegations and citations to various other statutes. (*Id.* at 6–33.) Plaintiff also separately

---

[1] Plaintiff indicated this matter involved a federal question and cited "Civil Violations ARS 12-2505, Breach of duty negligence, Felony VIOLATIONS ARS 13-2407, Tampering with a public record, Felony VIOLATIONS ARS 13-2602, Felony theft of more then [sic] $1000 value, Bribery of state Health Inspector, ARS 13-2602, 18 U.S.C. § 201(a)(2), Arizona Employment Wrongful Termination, ARS 23-1501(3)(c)(i)(ii), Food code violations See attached page 21-24, Regulartory [sic] Violations." (Doc. 1 at 3.)

filed three exhibits with additional factual allegations. (Docs. 2–4.) In summary, Plaintiff alleged that he worked at Portillo's and witnessed PCHD officials accepting free meals in exchange for ignoring health code violations. (Doc. 1 at 4.) He further alleged that he reported the violations to PCHD, and Portillo's eventually terminated his employment. (*Id.* at 4, 7–19.)

On July 24, 2024, PCHD filed a Motion to Dismiss Party arguing PCHD is a non-jural entity that lacks the capacity to be sued. (Doc. 10 at 1.) On July 29, 2024, Portillo's filed a Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e) seeking an order requiring Plaintiff to clarify his claims against Portillo's. (Doc. 13 at 1.)

Before the Court ruled, Plaintiff filed an Amended Complaint.[2] (Doc. 15.) The Amended Complaint, which totals 119 pages, names Portillo's and Pima County. (*Id.* at 2.) It does not name PCHD. (*Id.*) Plaintiff completed the first six pages of his Amended Complaint using a court-provided form for employment discrimination lawsuits. (*Id.* at 1–6.) He alleges that Portillo's violated Title VII because he was falsely accused of stealing and terminated based on his race. (*Id.* at 4.) Plaintiff renews his allegations that health inspectors received free meals from Portillo's in exchange for ignoring health code violations. (*Id.* at 5.) Plaintiff states he complained, but "[t]he inspectors refused to take [his] complaints after rouge [sic] managers told them not to speak to [him]." (*Id.*) He further alleges that he was "[f]rame[d]" for stealing $1,000 worth of items because he is African American. (*Id.*) He includes a copy of his Charge of Discrimination[3] to the U.S. Equal Employment Opportunity Commission ("EEOC") in which he states that he was

---

[2] The Court will only assess the claims contained in Plaintiff's Amended Complaint because the "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 869, 928 (9th Cir. 2012) (en banc). The Court will, therefore, deny as moot PCHD's Motion to Dismiss (Doc. 10) and Portillo's Motion for More Definite Statement (Doc. 13).

[3] The copy Plaintiff included is not signed, but he did receive a Determination and Notice of Rights letter on May 31, 2024, which confirms he filed the Charge of Discrimination. (Doc. 15 at 9.)

accused of stealing and lost his job after complaining about health code violations. (*Id.* at 7.)

The remaining 104 pages of the Amended Complaint are a muddle of factual allegations, legal citations, and communications via text and email between Plaintiff, Portillo's, and Pima County. (*Id.* at 15–119.) The length and disorganized nature of these allegations make it difficult to discern which facts relate to which claim against which party. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Plaintiff's most succinct claim against Pima County alleges that Pima County "willfully ignored" his complaints, which Plaintiff asserts "is Breach of Duty and bribery although this is not the TORT CLAIM Lawsuit [he is] filing, their actions were racially motivated as they could care less about hard working African Americans and thus they should be also included in this EEOC civil rights lawsuit." (*Id.* at 21.) He further states, "Pima County though not my employer illegally conspired with Portillos [sic] to steal meals and money from the Restaurant in favor of no violations[,]" thus "Pima County should be liable as a NON TORT CLAIM defendant in this civil rights lawsuit." (*Id.* at 22.)

On August 14, 2024, Pima County filed a Motion to Dismiss Party. (Doc. 18.) On August 15, 2024, Portillo's filed a Second Motion for More Definite Statement. (Doc. 19.) The Court will address these motions in turn.

*///*
*///*
*///*
*///*
*///*
*///*
*///*

## II. Motion to Dismiss Party

### a. Sur-Reply

Pima County's Motion to Dismiss Party is fully briefed. (Docs. 18, 21–22.) After Pima County filed its Reply, Plaintiff filed a "2nd Reply Opposition Motion to Dismiss." (Doc. 23.) Pima County moved to strike the document as an impermissible sur-reply.[4] (Doc. 24.)

As an initial matter, the Court will strike Plaintiff's sur-reply. "[N]either the Federal Rules of Civil Procedure nor the District's Local Rules entitle a party to a sur-reply as a matter of right." *Burgess v. Shinn*, No. CV-21-01164-PHX-DJH, 2022 WL 2341218, at *1 (D. Ariz. June 29, 2022) (citing LRCiv 7.2). The Court may, in its discretion, permit a party to file a sur-reply, considering "whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted." *Liberty Corp. Cap. Ltd. v. Steigleman*, No. CV-19-05698-PHX-GMS, 2020 WL 2097776, at *1 n.2 (D. Ariz. May 1, 2020) (quoting *Sebert v. Ariz. Dep't of Corr.*, No. CV-16-00354-PHX-ROS-ESW, 2016 WL 3456909, at *1 (D. Ariz. June 17, 2016)). Here, the Court finds that Pima County's Reply did not raise any new arguments, and Plaintiff's sur-reply would not otherwise help in resolving the pending Motion to Dismiss Party. Accordingly, the Court will strike the sur-reply. (Doc. 23.)

### b. Arguments

Pima County seeks to dismiss the Amended Complaint on three grounds. (Doc. 18.) First, it argues that the Amended Complaint fails to meet the "short and plain statement" requirements of Federal Rule of Civil Procedure 8(a)(2). (*Id.* at 2–3.) Second, under Federal Rule of Civil Procedure 12(b)(6), Pima County asserts Plaintiff has failed to state a claim upon which relief may be granted. (*Id.* at 3–6.) Finally, pursuant to

---

[4] Generally, the party opposing a motion may file a response and the moving party may then reply. LRCiv 7.2. When the party opposing a motion files another response, it is referred to as a sur-reply.

Federal Rule of Civil Procedure 12(b)(1), Pima County argues that Plaintiff does not have standing because his Amended Complaint lacks sufficient allegations that Pima County's conduct was linked to Plaintiff's termination. (*Id.* at 6–7.) Pima County opposes further amendment "because the basic fact is that Pima County never employed [Plaintiff] and was never involved in the employment decision that forms the core of his [Amended Complaint]." (*Id.* at 7.)

Plaintiff argues that "[a] former employee has the legal right to sue ALL PARTIES involved who aided and harassed or caused the action." (Doc. 21 at 1.) He alleges that Pima County "stole" from Portillo's, which Plaintiff believes was linked to his manager's subsequent efforts to "frame" Plaintiff for stealing because he is African American. (*Id.*)

### c. Standard of Review

A federal court cannot entertain an action if the plaintiff lacks standing to sue. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 337–38 (2016) (explaining that standing ensures federal courts do not exceed their constitutional limit to hear "actual cases or controversies"). To establish standing under Article III of the United States Constitution, a plaintiff must allege that he or she has: (1) suffered an actual or threatened injury in fact; (2) the injury is fairly traceable to the challenged action; and (3) the injury is likely to be redressed by a favorable decision. *Id.* at 338. "An injury is 'fairly traceable' where there is a causal connection between the injury and the defendant's challenged conduct." *Wit v. United Behav. Health*, 79 F.4th 1068, 1083 (9th Cir. 2023) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

If the plaintiff has standing, he or she must also meet certain pleading standards when drafting the complaint. *See* Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* Fed. R. Civ. P. 12(b)(6) ("failure to state a claim upon which relief can be granted" is grounds to dismiss a complaint).[5] This pleading

---

[5] The Court notes that Pima County articulated Rule 8 and Rule 12(b)(6) as two separate grounds upon which it seeks dismissal, but because the Rule 12(b)(6) analysis

standard does not demand "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim to relief is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

The Ninth Circuit has instructed district courts to "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the Court cannot serve as an advocate for a pro se litigant by attempting to decipher a complaint. *See e.g.*, *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants" because this would undermine district judges' role as impartial decisionmakers); *see also Indep. Towers of Wash.*, 350 F.3d at 929.

A pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action if the Court determines that Plaintiff might cure the complaint by alleging other facts. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). The Court evaluates whether to permit amendment by weighing "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). "Leave to amend need not be given if a complaint,

---

incorporates Rule 8's pleading requirements, the Court will address these arguments as one. *See* Fed. R. Civ. P. 12(b)(6).

- 6 -

as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

### d. Analysis

Reading the Amended Complaint liberally, Plaintiff alleged he has standing because he believes there is some causal connection between his termination and his complaints that Pima County accepted bribes. However, Plaintiff fails to provide a short and plain statement of his claims against Pima County showing he is entitled to relief. As previously noted, Plaintiff's Amended Complaint is difficult to sort through. His sprawling disordered allegations make it hard to determine which allegations relate to Pima County. The Court will examine Plaintiff's claims to the extent possible, but it will not endeavor to fully untangle nor reorganize his allegations. *See e.g.*, *Pliler*, 542 U.S. at 231; *also Indep. Towers of Wash.*, 350 F.3d at 929.

### 1. Title VII Racial Discrimination

Plaintiff fails to state a claim for racial discrimination under Title VII. Title VII makes unlawful any action by an "*employer* to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). The statute applies to employers. *Coffin v. Safeway, Inc.*, 323 F. Supp. 2d 997, 1002 (D. Ariz. 2004) (citing *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993)) (explaining Title VII limits liability to employers and not employees). Plaintiff concedes that Pima County was not his employer. (Doc. 15 at 22.) As such, Plaintiff cannot state a claim under Title VII against Pima County as a matter of law. For this same reason, the Court finds that amendment of the Title VII claim against Pima County is futile.

### 2. Breach of Duty

Plaintiff alleges that Pima County is liable for "Breach of Duty." (Doc. 15 at 21.) It is unclear if Plaintiff intends this to be a separate claim against Pima County. Nonetheless, breach of duty is not an independent basis for a lawsuit. It is one of four

elements that altogether establish a tort claim for negligence. *See Quiroz v. ALCOA Inc.*, 416 P.3d 824 (Ariz. 2018) (holding that a state law negligence tort requires proof of duty, breach of duty, causation, and damages). Plaintiff has not pled the remaining elements for a negligence claim. Moreover, Plaintiff specifically states that "this is not the TORT CLAIM Lawsuit" and "Pima County should be liable as a NON TORT CLAIM defendant in this civil rights lawsuit." (Doc. 15 at 22.) Accordingly, Plaintiff fails to state a claim for negligence. As fully explained below, Plaintiff may file a Second Amended Complaint including a claim for negligence against Pima County if he can plead all four elements of such a claim.

### 3. Bribery

Plaintiff also makes a cursory reference to bribery. (*Id.* at 21.) It is unclear if Plaintiff intends this as a separate claim against Pima County. Regardless, bribery is a criminal offense and not a civil cause of action. *See Ford-Kelly v. AMEC Earth & Env't, Inc.*, No. CV 12–08085–PCT–NVW, 2012 WL 2301650, at *2 (D. Ariz. June 18, 2012). Because Plaintiff cannot seek to enforce criminal law in his civil lawsuit, amendment of Plaintiff's bribery claim against Pima County is futile. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (explaining that criminal provisions of Title 18 of the U.S. Code "provide no basis for civil liability" because they are prosecuted by the government in the name of the United States).

### 4. Conspiracy

Finally, Plaintiff alleges that Pima County "illegally conspired with Portillos [sic] to steal meals and money from the Restaurant in favor of no violations." (Doc. 15 at 22.) Section 1985 provides a civil cause of action for government or private conspiracies that "interfere with civil rights." 42 U.S.C. § 1985(3); *Griffin v. Breckenridge*, 403 U.S. 88, 101–02 (1971). "A plaintiff alleging a conspiracy under § 1985(3) must establish: the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; an act in furtherance of the conspiracy; and a resulting injury." *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998).

"Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates." *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979). Specifically, "[i]f a plaintiff has not stated a § 1983 claim, he cannot state a claim under § 1985." *Robinson v. Arizona*, No. CV-23-08050-PCT-MTL (JFM), 2023 WL 5608437, at *7 (D. Ariz. Aug. 30, 2023) (quoting *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 524 (9th Cir. 1994)). To state a valid claim under § 1983, Plaintiff must allege that he suffered a specific constitutional injury resulting from specific conduct of a state actor and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Here, Plaintiff fails to state a § 1985 claim that Pima County conspired to violate his civil rights because he fails even to allege which of his constitutional rights were violated. However, if he can allege sufficient facts to support these claims, the Court will permit Plaintiff to include a properly pled claim under § 1983 *and* a properly pled claim under § 1985 in a Second Amendment Complaint.

For the foregoing reasons, the Court will grant Pima County's Motion to Dismiss Party. (Doc. 18.) However, construing Plaintiff's allegations liberally, the Court will permit Plaintiff to amend claims for (1) negligence, (2) § 1983 deprivation of rights, and (3) § 1985 conspiracy to interfere with civil rights.

### III.   Second Motion for More Definite Statement

#### a. Arguments

Portillo's Second Motion for More Definite Statement is fully briefed. (Docs. 19–20.) Portillo's argues that the Amended Complaint fails to resolve any of the issues that led Portillo's to file its first Motion for More Definite Statement. (Doc. 19 at 2.) Specifically, Portillo's asserts the Amended Complaint is "confusing, overly convoluted, and unintelligible as written." (*Id.*) Portillo's asserts that the Amended Complaint does

not provide fair notice of Plaintiff's claims and Portillo's cannot properly respond because Plaintiff fails to provide a short and plain statement of his claim. (*Id.*)

Plaintiff did not substantively respond to Portillo's Motion; instead, Plaintiff merely accuses Portillo's of "trying to stall the case." (Doc. 20 at 1.)

### b. Standard of Review

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement before responding to the pleading when that pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) motions are generally disfavored as a means for obtaining information that is more appropriately sought through discovery. *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003). Consequently, these motions are "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail[.]" *All. Labs, LLC. v. Stratus Pharms., Inc.*, No. 2:12–cv–00927 JWS, 2013 WL 273404, at *1 (D. Ariz. Jan. 24, 2013) (quoting *Castillo*, 219 F.R.D. at 163). "[I]f the requirements of the general rule as to pleadings are satisfied and the opposing party is fairly notified of the nature of the claim such motion is inappropriate." *Castillo*, 219 F.R.D. at 163 (quoting *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414–15 (D. Or. 2002)).

### c. Analysis

The Court will grant Portillo's Second Motion for More Definite Statement. Plaintiff alleges a Title VII claim for racial discrimination in employment against Portillo's. (*See* Doc. 15 at 4.) However, Plaintiff includes dozens of pages of factual allegations involving Portillo's in which he fails to specify what additional claims, if any, he seeks. Although Plaintiff is pro se, it is nonetheless his responsibility to articulate a short and plain statement of his claim(s) against Portillo's. Put simply: Plaintiff must explain the who, what, when, where, and why—whose action does Plaintiff challenge; what the action was; when and where it happened; and why Plaintiff believes the action violated the law.

///

**IV.     Amendment**

The Court, construing Plaintiff's allegations liberally, will allow Plaintiff to file a Second Amended Complaint. If he can allege sufficient facts to plausibly support these claims, Plaintiff may include amended claims against Pima County for (1) negligence, (2) § 1983 deprivation of rights, and (3) § 1985 conspiracy to interfere with civil rights. The Court does not find that Plaintiff acted in bad faith nor would allowing him to amend these claims cause undue delay or prejudice Pima County. The Court, however, cautions Plaintiff that, if he chooses to amend these claims, he must do so after carefully reviewing the law and standards outlined in this Order. Plaintiff **may not** include allegations of Title VII discrimination or bribery against Pima County because amendment of these claims is futile.

Furthermore, if he chooses to file a Second Amended Complaint that includes any claims against Portillo's, Plaintiff must provide a more definite statement of such claims. Plaintiff's Second Amended Complaint must include short, plain statements telling the Court **for each claim against each Defendant**: (1) the law or right Plaintiff believes was violated; (2) the name of the Defendant who violated the law; (3) exactly what that Defendant did or failed to do that violated that particular law; (4) how the action or inaction of that Defendant is connected to the violation; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo*, 423 U.S. at 371–72, 377. If Plaintiff fails to affirmatively link the conduct of the named Defendant with the specific injury, the Court will dismiss those allegations for failure to state a claim. As explained above, mere conclusory allegations are not acceptable and will be dismissed.

Plaintiff must include all factual allegations and claims he seeks to raise in his Second Amended Complaint because he cannot incorporate by reference any prior pleading. *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 869, 928 (9th Cir. 2012) (en banc) (holding that an "amended complaint supersedes the original, [and] the latter [is] treated thereafter as non-existent").

- 11 -

The Court is aware that Plaintiff is proceeding pro se. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and the Local Rules for the District of Arizona, both of which can be found on the web site for the U.S. District Court for the District of Arizona at www.azd.uscourts.gov. Plaintiff is also advised that a Handbook for Self-Represented Litigants is available at: http://www.azd.uscourts.gov/handbook-self-represented-litigants.

V. **Conclusion**

For the foregoing reasons, **IT IS ORDERED**:

(1) Pima County Health Department's Motion to Dismiss Party is **DENIED AS MOOT**. (Doc. 10.) Pursuant to Plaintiff's Amended Complaint, Pima County Health Department is no longer a party to this lawsuit. (Doc. 15.)

(2) Defendant Portillo's Motion for More Definite Statement is **DENIED AS MOOT**. (Doc. 13.)

(3) Defendant Pima County's Motion to Strike is **GRANTED**. (Doc. 24.) The Clerk of Court shall strike Plaintiff's sur-reply. (Doc. 23.)

(4) Defendant Pima County's Motion to Dismiss Party is **GRANTED**. (Doc. 18.)

(5) Defendant Portillo's Second Motion for More Definite Statement is **GRANTED**. (Doc. 19.)

(6) Plaintiff has up to and including **December 3, 2024** to file a Second Amended Complaint in compliance with the terms of this Order. **If Plaintiff fails to file a Second Amended Complaint by this deadline, the Clerk of Court shall, without further notice, enter a judgment dismissing this case with prejudice.**

Dated this 19th day of November, 2024.

_____
Honorable Angela M. Martinez
United States District Judge